UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH SKILKEN & CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:13-cv-00322-JAW |
| | ) | |
| OXFORD AVIATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED[1] ORDER ON MOTION FOR DEFAULT JUDGMENT**

Joseph Skilken & Co. (Skilken) requests default judgment against Oxford Aviation, Inc. (Oxford). *Pl.'s Mot. for Default J.* (ECF No. 10). Skilken has satisfied the Court that Oxford did not "appear" in this matter within the meaning of Federal Rule of Civil Procedure 55(b)(2) as interpreted by the First Circuit in *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349 (1st Cir. 1996), and that in general Skilken has a proper factual and legal basis for its damages claim. However, because the Court has concerns as to the propriety of certain claimed damages, it orders Skilken to explain the basis for some aspects of its damages claims.

I.   **BACKGROUND**

   A.   **Facts Alleged in the Complaint**

---

[1]      This Amended Order corrects two typographical errors contained in the Order on Motion for Default Judgment dated November 15, 2013 (ECF No. 21). On page 3 of the Order, first paragraph, second sentence, the Order reads "On October 24, 013" and should read "On October 24, 2013". On page 5 of the Order, indented paragraph, the Order reads "67.3 x $800 = $53.840" and should read "67.3 x $800.00 = $53,840".

Skilken's allegations against Oxford are as "taken as true and . . . considered established as a matter of law." *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000) (quoting *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985)).   Skilken is a for-profit corporation registered with the Ohio Secretary of State with a principal place of business in Columbus, Ohio.  *Pl.'s Comp.* ¶ 1 (ECF No. 1).   Oxford is a for-profit corporation registered with the Maine Secretary of State with a principal place of business in Oxford, Maine.  *Id.* at ¶ 3. Oxford is in the business of aircraft services, including aircraft painting, scheme design services, interior refurbishments, custom cabinetry, maintenance and avionics.  *Id.* at ¶ 9.

In May 2013, Oxford agreed to perform certain aircraft services on a Cessna 441 aircraft owned by Skilken.  *Id.* at ¶ 11.   Oxford performed these services negligently, recklessly, and late and compromised the physical integrity of the Cessna.  *Id.* at ¶¶ 12-13.   Specifically, Oxford's negligent or reckless actions and inactions resulted in a section of the Cessna's tail falling off during a flight from Columbus, Ohio to Colorado Springs, Colorado on May 31, 2013.  *Id.* at ¶ 13.   Once the tail section fell off, the plane was damaged during the flight and as a result of a hard landing.  *Id.* at ¶ 15.

## B.    Procedural History

Skilken filed a complaint in this Court on August 21, 2013.  *Id.*  On August 29, 2013, a summons was filed, establishing that Oxford was served with the Complaint on August 26, 2013.  *Summons in a Civil Action* (ECF No. 7).  After

Oxford failed to answer, Skilken moved for entry of default on September 18, 2013. *Pl.'s Req. for Default J.* (ECF No. 8).  The Clerk duly entered default on the same day.  *Order Granting Mot. for Entry of Default J.* (ECF No. 9).

On October 16, 2013, Skilken moved for default judgment.  *Pl.'s Mot. for Default J.* (ECF No. 10).  On October 24, 2013, the Court issued an order requiring Skilken to demonstrate its compliance with *Key Bank*.  *Order on Mot. for Default J.* (ECF No. 18).  On October 25, 2013, Skilken filed two affidavits, establishing that it had met the requirements of *Key Bank*.  *Aff. of Daniel Nuzzi* (ECF No. 19); *Aff. of Mark T. Hayden* (ECF No. 20).

## II.  DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 55(a) states that when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend, as "shown by affidavit or otherwise," the clerk shall enter the non-responding party's default.  FED. R. CIV. P. 55(a).  However, liability and the amount of damages are not necessarily established as a result of the default.  *Ohio Cent. R.R. Co. v. Central Trust Co.*, 133 U.S. 83, 91 (1890) ("[I]f [the allegations] are indefinite, or the demand of the complainant is in its nature uncertain, the requisite certainty must be afforded by proof"); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . or claims which are not well-pleaded, are not binding and cannot support the judgment"); *Brockton Savs. Bank*, 771 F.2d at 12-13 & n.8.

3

### B.    Liability

Based on the allegations of Skilken's Complaint, which the Court accepts as true because of Oxford's default, the Court finds there is a factual basis for Oxford's liability under each count in the Complaint.

### C.    Damages

This leaves damages.  "Once liability is found, the [factfinder] is *required* to award compensatory damages in an amount appropriate to compensate the plaintiff for [its] loss." *Libertad*, 215 F.3d at 208 (emphasis in original) (quoting *Smith v. Wade*, 461 U.S. 30, 52 (1983)).  Although the allegations in Skilken's Complaint are accepted as true, damages must still be established by proof unless the damages involve a "sum certain" or are for "liquidated damages".  *See* FED. R. CIV. P. 55(b)(1); *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).  Neither exception applies here.

Skilken alleges the following damages:

1) Repairs to the Cessna aircraft as a result of the emergency landing, totaling $138,848.59;

2) Repair of the defective work performed on the Cessna aircraft by Oxford in the amount of $62,175.00;

3) Expenses from an unexpected stop in Colorado Springs, Colorado in the amount of $2,371.31;

4) Expenses related to flight-testing the Cessna after the repairs in the amount of $2,425.79;

5) Loss of use of the Cessna for three and one-half months in the amount of $53,840.00;

6) Replacement travel during the period the Cessna was unavailable due to repairs in the amount of $17,475.08;

7) Rental of a NetJets plane for a planned flight in the amount of $38,916.47;

8) Rental vehicles for trips where the Cessna would have been used in the amount of $1,993.14; and

9) Diminished value of the Cessna aircraft from repaired damage caused during the emergency landing in the amount of $200,000.00.

In support of its damages claims, Skilken has presented affidavits from Steve Skilken, the President of Joseph Skilken & Co., together with eight attachments. *Aff. of Steve Silken* (ECF No. 11) (*Skilken Aff.*); *Id.* Attach. 1-8.

In accordance with the First Circuit's directive in *KPS*, the Court reviewed the Complaint, the affidavit, and the attachments to determine whether there are discrepancies or other matters that would mandate "further inquiry." *KPS*, 318 F.3d at 18-19. Although the Court finds that most of the claimed damages are properly documented, the Court has two areas of concern. First, Skilken is claiming loss of use of the Cessna:

> The loss of use of the Cessna for three and a half months totaling $53,846.00 (the average number of hours the Cessna is used over a three and a half month period times the average hourly cost of operating the Cessna – 67.3 x $800.00 = $53,840).

*Skilken Aff.* ¶ 11(e). Skilken has not further explained this item except to say that the Plaintiff regularly used the Cessna for company travel around the United States

5

to visit its properties and for business meetings and personal trips. *Pl.'s Mot.* at 6. Of course, Mr. Skilken's personal trips could not be properly claimed as part of the damages suffered by the business. But more significantly, the way this part of the damages claim is framed, it appears that Skilken is claiming damages for expenses it did not incur. If Skilken incurred expenses for travel that it would have made on the Cessna, these damages are properly claimed. In fact, Skilken has claimed replacement travel expenses. However, the Court is concerned that Skilken is claiming as damages expenses that it actually avoided while the Cessna was idle.

Next, Skilken has not credited against its damage figure any expense that it would have incurred from using the Cessna. For example, Skilken claims the cost of renting vehicles for trips to Colorado and Missouri, but if Skilken had used the Cessna to make those trips, it would have incurred some expense. In other words, Skilken has presented a gross damages figure but has failed to set forth a net damages figure.

The remaining damages claims are in order. To allow Skilken to address the Court's concerns, the Court ORDERS Skilken to file a response within ten days of the date of this Order. If no further filing is received, the Court will issue a damages order, awarding damages for all items except loss of use ($53,840.00), the cost of NetJets rental ($38,916.47), and the cost of motor vehicle rental ($1,993.14).

## III.   CONCLUSION

The Court ORDERS Joseph Skilken & Co. to file within ten days of the date of this Order a further explanation of its claimed damages.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2013