UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOSEPH SKILKEN & CO.,            )
                                 )
        Plaintiff                )
                                 )
v.                               )    No. 2:13-cv-322-JAW
                                 )
OXFORD AVIATION, INC.,           )
                                 )
        Defendant                )


*RECOMMENDED DECISION ON MOTION FOR TURNOVER ORDER
PURSUANT TO 14 M.R.S.A. § 3131*[1]

In this action for damages to the plaintiff's aircraft, the plaintiff moves pursuant to 14 M.R.S.A. § 3131 for an order that the defendant turn over all claims that it might have against the underwriting agents and/or the underwriter of an insurance policy that the plaintiff believes might have indemnified the defendant, had the policy been in force when the plaintiff's aircraft was damaged. *See* Plaintiff's Motion for Turnover Order Pursuant to Title 14 Maine Revised Statutes § 3131 ("Motion") (ECF No. 44). For the reasons that follow, I recommend that the Motion be denied.

**I. Background**

On November 18, 2013, this court entered a default judgment against the defendant in the amount of $423,295.77, plus interest and costs, for damages caused to the plaintiff's aircraft. *See*

---

[1] My research indicates that post-judgment collection proceedings typically are considered dispositive proceedings and, hence, are handled by way of a recommended decision when referred to a United States magistrate judge. *See Michelson v. Schor,* No. 93 C 5124, 1996 WL 667803, at *2-*3 (N.D. Ill. Nov. 15, 1996); *Aetna Cas. & Sur. Co. v. Rodco Autobody,* 965 F. Supp. 104, 106 & n.1 (D. Mass. 1996); *Hearst/ABC–Viacom Entm't Servs. v. Goodway Mktg., Inc.,* 815 F. Supp. 145, 147 (E.D. Pa. 1992).

ECF Nos. 24-25. On April 8, 2014, James Horowitz was served a disclosure subpoena obliging him to attend a disclosure hearing set for May 9, 2014, and bring with him certain listed documents. *See* ECF Nos. 34 & 34-1. On May 9, 2014, I presided at a disclosure hearing at which Mr. Horowitz appeared *pro se* and testified, but brought no documents. At the conclusion of the hearing, I granted the plaintiff's oral motion for a 90-day continuance. On July 27, 2014, Louise Horowitz was served a disclosure subpoena obliging her to attend a disclosure hearing set for August 22, 2014, and bring with her certain listed documents. *See* ECF No. 41. On August 22, 2014, I presided at a continued disclosure hearing at which Mrs. Horowitz appeared *pro se* and brought some of the requested documents.

Mr. Horowitz testified that he was president of the defendant, which he indicated no longer is a functioning entity following the seizure by one of its lenders of its assets after it defaulted on a loan or loans. Mrs. Horowitz testified that she had worked as the "interior manager" for the defendant.

Mr. and Mrs. Horowitz testified that the defendant was indemnified for certain losses by a so-called "hangar policy," which was canceled close to the time that the plaintiff's aircraft was damaged.

Mr. Horowitz testified that the defendant retained lawyers to explore possible claims regarding the cancellation and that he understood that the cancellation was improper and that the defendant might possess claims against the underwriter, the insurance agent, or both.

The plaintiff represents that no part of the judgment has been paid. *See* Motion ¶ 2. The plaintiff believes that the hangar policy would have indemnified the defendant for this judgment provided that, among other considerations, it had been in force at the time the aircraft was damaged. *See id.* ¶ 3.

## II. Discussion

"[I]n the absence of a controlling federal statute, the district court has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." *United States ex rel. Goldman v. Meredith,* 596 F.2d 1353, 1357 (8th Cir. 1979). The plaintiff identifies no controlling federal statute. *See generally* Motion.

Pursuant to 14 M.R.S.A. § 3131:

> When it is shown at a hearing under this chapter that the judgment debtor owns personal property or real property which is not wholly exempt from attachment or execution pursuant to sections 4421 to 4426, the court shall determine the value of the property or interest and the extent to which the property or interest is exempt. Upon request of the judgment creditor, the court shall order the judgment debtor to turn over to the judgment creditor in partial or full satisfaction of the judgment, interest and costs, such items of property which are not in whole or in part exempt and the value of which is determined to be less than or equal to the amount owed on the judgment, interest and costs.

14 M.R.S.A. § 3131(1).

I have three concerns about the plaintiff's bid for a turnover order that lead me to recommend the motion's denial on the showing made.

First, as a threshold matter, my research has disclosed a case that calls into question whether the property at issue is subject to a turnover order pursuant to section 3131. In *New England Mortg. Servs. Co. v. Petit*, 590 A.2d 1054 (Me. 1991), the Law Court held, over the dissent of two justices, that section 3131 affords no power to grant a lien to a judgment creditor on the proceeds of a judgment debtor's tort claim (in that case, a legal malpractice action). *See Petit*, 590 A.2d at 1056. The Law Court reasoned that "section 3131 provides a lien on the proceeds of a debtor's property only in accordance with Article 9" of the Uniform Commercial Code, and the debtor "could not grant a valid lien on such a claim under Article 9" because "Article 9 does not

3

provide a security interest in '[a]ny claim arising out of tort.'" *Id.* at 1055-56 (quoting 11 M.R.S.A. § 9-104(11) (1990)).

From all that appears, *Petit* remains good law. Since the decision's issuance, there has been no material change in the language of section 3131 cross-referencing Article 9. *Compare* 14 M.R.S.A. § 3131(9) (1990) *with* 14 M.R.S.A. § 3131(9) (2014). Article 9, as currently in effect, does not apply, *inter alia*, to the following:

> (h) A transfer of an interest in or an assignment of a claim under a policy of insurance, other than an assignment by or to a health-care provider of a health-care-insurance receivable and any subsequent assignment of the right to payment, but sections 9-1315 and 9-1322 apply with respect to proceeds and priorities in proceeds;
>
> ***
>
> (l) An assignment of a claim arising in tort, other than a commercial tort claim, but sections 9-1315 and 9-1322 apply with respect to proceeds and priorities in proceeds[.]

11 M.R.S.A. § 9-1109(4)(h) & (l). The property at issue arguably fits one or both of these categories. Yet, the plaintiff has not addressed *Petit*.

Second, assuming that section 3131 applies, the plaintiff admits that the value of the claim(s) cannot now be known. *See* Motion ¶ 7. The court, therefore, cannot determine the value of the property and whether the nonexempt portion of that value is less than or equal to the amount owed on the judgment, interest, and costs, as is required by section 3131(1). The plaintiff suggests that this is not an obstacle to the entry of the requested order given that 14 M.R.S.A. § 3131(10) provides the court "equitable powers to make all appropriate orders to effectuate or compel obedience to turnover or sale orders." *Id.*; 14 M.R.S.A. § 3131(10). However, this power appears to pertain to the effectuation of turnover orders, not to their creation.

Third, assuming that section 3131 applies, it is not clear that the property at issue is subject to no exemptions. Maine provides a catchall partial exemption, titled "[o]her property[,]" that

exempts "[t]he debtor's aggregate interest, not to exceed in value $400, in any property, whether or not otherwise exempt under this section." 14 M.R.S.A. § 4422(15). The plaintiff does not explain why this catchall partial exemption is inapplicable to any claim(s) regarding the hangar policy.

### III. Conclusion

On the showing made, I recommend that the Motion be **_DENIED_** without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of September, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge